**Odessa COWAN, Plaintiff-Appellant,**

v.

**J.C. PENNEY COMPANY, INC., a corporation, and World Shoe Corporation, et al., Defendants-Appellees.**

No. 85–7364.

United States Court of Appeals, Eleventh Circuit.

June 9, 1986.

Anthony L. Cicio, Hare, Wynn, Newell & Newton, Francis H. Hare, Jr., Birmingham, Ala., for plaintiff-appellant.

Eugene P. Stutts, Birmingham, Ala., for J.C. Penney.

Jasper P. Juliano, Birmingham, Ala., for World Shoe Corp.

Before KRAVITCH and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Odessa Cowan appeals from a district court order granting summary judgment in favor of defendants J.C. Penney Co. and World Shoe Corp., and from the denial of her motion for reconsideration. Cowan originally filed suit in state court, but the action was removed to federal district court pursuant to defendants' joint petition based on the parties' diversity of citizenship.

Cowan's lawsuit arises out of a personal injury she sustained in the J.C. Penney store at Century Plaza, Birmingham, Alabama. The following facts are undisputed: Cowan bought a pair of wedge-heeled shoes from the J.C. Penney store on July 31, 1982; World Shoe Corp. manufactured the shoes; on August 7, 1982, Cowan fell and injured herself in the J.C. Penney store.

Cowan asserts that she was wearing the shoes she had bought on July 31 at the time of her fall on August 7. She claims that her fall resulted from her shoe catching on a metal stripping on the floor where the carpeted area met the tiled area, and from her slipping on the highly glossed tile floor of the store. She claims a cause of action under the Alabama Extended Manufacturer's Liability Doctrine and a breach of warranty against both appellees due to the allegedly defective condition of the shoe, and negligence against J.C. Penney Co. due to the unsafe condition of the store premises.

On appeal, Cowan challenges the grant of summary judgment as inappropriate on two grounds. First, she claims that there was a genuine issue as to a material fact in dispute upon which summary judgment cannot be based. Second, she claims that summary judgment at this time is precluded because her interrogatories to appellees are still outstanding, in spite of a district court order compelling response.

Appellees argue that the district court was correct in granting their motions for summary judgment because there was no genuine issue as to a material fact in dispute and they were therefore entitled to summary judgment as a matter of law.

They assert that the outstanding discovery request does not preclude summary judgment because Cowan did not make an adequate showing under Fed.R.Civ.P. 56(f) to delay entry of summary judgment.

When reviewing a district court order granting summary judgment, this court applies the same legal standard as does the district court. *Thrasher v. State Farm Fire & Casualty Co.*, 734 F.2d 637, 638 (11th Cir.1984). Under Fed.R.Civ.P. 56(c) summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court must view the evidence in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ The moving party bears the burden of demonstrating the absence of a dispute as to any material fact and of showing that he or she is entitled to judgment as a matter of law. *Id.; Combs v. King*, 764 F.2d 818, 827 (11th Cir.1985). Once a motion for summary judgment has been made and supported as required, however, the opposing party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the opposing party has difficulty in obtaining affidavits or discovery, he or she may seek a continuance under Fed.R.Civ.P. 56(f). The opposing party bears the responsibility of bringing to the trial court's attention any outstanding discovery in the cause.

The record on appeal in the instant case reflects the following discovery efforts and pleadings. Following removal of the action to federal court, Cowan filed a response to appellee J.C. Penney Co.'s request for production and answers to defendants' inter-

rogatories on July 3, 1984. Cowan then propounded interrogatories to defendants on July 18. In the meantime, Cowan's deposition was taken and filed with the court on July 20. In her answers to interrogatories, Cowan stated that the store floor was slippery and highly glossed the day of her injury, that her shoe caught on the strip on the floor, and that the cap of her heel had come off. In her deposition, Cowan reiterated these statements. J.C. Penney filed answers to interrogatories on October 24 with an affidavit attached.

J.C. Penney Co. and World Shoe Corp. filed their motions for summary judgment on November 2, 1984, and November 20, 1984, respectively. In support of its motion, J.C. Penney Co. submitted affidavits by two employees who averred that the floor had been dust mopped and wet mopped the morning of the incident and was not slippery immediately following Cowan's fall when they arrived on the scene and checked the surrounding area. World Shoe Corp. did not submit any affidavits in support of its motion.

Following World Shoe Corp.'s summary judgment motion, Cowan filed a motion for an order compelling World Shoe Corp. to answer interrogatories propounded by plaintiff, which was granted November 8. On November 14, Cowan propounded a second set of interrogatories and requests for production on defendants. No responses to these discovery requests were ever received. After the court notified the parties on November 21 that the two motions for summary judgment were going to be taken under advisement on December 5, Cowan filed an affidavit on December 4, 1985, repeating her statements that the heel cap had come off her shoe, that the metal strip was part of the cause of her fall, and that the floor had been slippery. World Shoe Corp. never responded to Cowan's discovery requests in spite of the court's order to compel and several other orders setting cut-off dates for discovery. The interrogatories propounded by Cowan to World Shoe included inquiries as to the manufacture and design of the shoe, any safety tests that were conducted on that type of shoe, any knowledge by World Shoe or its agents of any alleged defect, any warnings issued about the shoe or any modifications made in its design.

On the basis of this record, the district court granted the defendants' motions for summary judgment on April 12, 1985. Cowan filed a motion for reconsideration on April 19, 1985, attaching another affidavit from herself, as well as affidavits from her son Charles Cowan, and from a shoe repair expert Roy Pitts. Charles Cowan averred that the floor was slippery when he arrived on the scene following his mother's fall, and that the metal strip separating the carpeted area from the tiled area was raised. Roy Pitts averred that in his opinion if the cap on the heel of Cowan's shoe had been properly assembled, it would not have detached. The district court denied the motion for reconsideration on May 20, 1985.

We find that the district court erred in granting summary judgment. The affidavits, deposition, and responses to discovery indicate that there were genuine disputes as to material facts. In order to prevail on her cause of action against the two defendants under the Alabama Extended Manufacturer's Liability Doctrine, Cowan must prove that she suffered injury "by one who [sold] a product in a defective condition unreasonably dangerous to [her] as the ultimate user or consumer." *Casrell v. Altec Industries, Inc.*, 335 So.2d 128, 132 (Ala.1976). She must show that the shoe was in a defective condition and unreasonably dangerous for its intended use when it left the manufacturer, that the shoe at the time of her injury was in substantially the same condition as at the time it was sold, and that the defect caused the injury while the shoe was being put to its intended use. *See Atkins v. American Motors Corp.*, 335 So.2d 134, 140–41 (Ala. 1976). Hence, the condition of the shoe is clearly a material fact in such a cause of action, as is the means of its manufacture and assembly by World Shoe Corp. We reject the defendants' argument that the

evidence submitted by Cowan is pure conjecture. We do note, however, that World Shoe obviously is in the best position to provide information on the condition of the shoe at the time it left the manufacturer since it has exclusive possession of facts concerning the design of the shoe and of the company's production and assembly methods. We disagree with the district court's reading of Cowan's testimony as an admission that the shoe was not defective prior to her fall. Cowan's testimony that she did not notice any problem with the shoe on the one prior occasion she wore them does not rise to the level of a legal conclusion as to whether the shoe was defective while being put to the intended use of being worn over a period of time.

Under her cause of action against J.C. Penney Co. and World Shoe Corp. for breach of the implied warranty of merchantability, Ala. Code § 7–2–314(2)(c), Cowan must establish that her shoe was not fit for the ordinary purpose for which it is used. Again, without evidence from World Shoe Corp. as to its manufacture and assembly, the evidence, when viewed in the light most favorable to Cowan indicates that she has presented a dispute as to the fitness of the shoe through the affidavit of Roy Pitts. Cowan's deposition testimony that she had worn the shoe once for a short period of time without injury prior to the day of her fall does not preclude a finding that the shoe was not fit for the ordinary purpose of wear over a period of time.

Cowan's claim against J.C. Penney Co. for negligently maintaining its premises requires a showing that the company breached its duty, owed to Cowan as a business invitee, which is "the exercise of ordinary and reasonable care to keep the premises in reasonably safe condition." *Shaw v. City of Lipscomb*, 380 So.2d 812, 814 (Ala.1980). Cowan's testimony as to the slippery condition of the floor, supported by Charles Cowan's affidavit, and the latter's statement concerning the raised condition of the metal strip, stand in direct conflict with the affidavits by the J.C. Penney Co. employees. This is a question to be resolved by a jury and we do not indicate a view on the merits of the claim or on the credibility of the various witnesses.

The question of causation of the fall itself also is in dispute. On the facts of record in this case, it was inappropriate for the district court to conclude that "the evidence reveals that the heel cap came off as a result of the fall." It is for a jury to determine whether it was the shoe or the metal strip or the floor or some other factor that caused Cowan's fall.

■ Cowan's failure to file a motion under Fed.R.Civ.P. 56(f) to foreclose entry of summary judgment does not invalidate her claim that the entry of that judgment was error. The purpose of Rule 56(f) is to allow parties opposing summary judgment an opportunity to obtain additional time or to be excused from obtaining unavailable affidavits or other discovery. Cowan, however, had already filed answers to interrogatories, a deposition, and an affidavit as to the disputed facts. Although it would have been preferable for Cowan to have submitted the additional affidavits of Charles Cowan and Roy Pitts prior to the entry of the judgment rather than in support of her request for reconsideration, we find that prior to the entry of summary judgment she had properly brought to the district court's attention that the discovery response from World Shoe Corp. was still outstanding. The record clearly indicates that Cowan sought an order to compel World Shoe's response which was granted by the district court on November 8, 1984. We have held that, generally, summary judgment is premature when the moving party has not answered the opponent's interrogatories. *Murrell v. Bennett*, 615 F.2d 306, 310 (5th Cir.1980).[1] We find that especially true in this case where Cowan propounded interrogatories to World Shoe

---

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Corp. which request information that is critical to the issues in dispute.

We find that summary judgment was improper as a matter of law on the record of this case. We therefore REMAND the case to the district court for trial on the merits.