**RAILWAY LABOR EXECUTIVES' ASSOCIATION, et al., Plaintiffs,**

v.

**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Defendant.**

Civ. 3–88–409.

United States District Court,
D. Minnesota,
Third Division.

Aug. 30, 1988.

Roger J. McClow, Klimist, McKnight, Sale & McClow, P.C., Southfield, Mich., and William Garber, Peterson, Engberg & Peterson, Minneapolis, Minn., for plaintiffs.

Ralph J. Moore, Jr., Richard M. Wyner, Shea & Gardner, Washington, D.C., and Thomas E. Glennon, Lindquist & Vennum, Minneapolis, Minn., for defendant.

ORDER

DEVITT, District Judge.

Currently pending in this case are defendant's motion for summary judgment and plaintiffs' motion for re-transfer of the case. For the reasons discussed below, both motions are denied.

*Background*

Plaintiffs in this case seek to enjoin the implementation of a new Chicago and North Western policy regarding drug and alcohol use. Plaintiffs' position is that the new policy institutes "major" changes from the terms of the current collective bargaining agreement and consequently, must be negotiated before implementation. Defendant denies that the changes are "major" as that term is defined under the Railway Labor Act. 45 U.S.C. § 151 et seq.

This case was transferred to this district from the Eastern District of Michigan by

order of Judge LaPlata who found transfer to this district proper to serve the interests of justice and judicial economy due to substantial overlap between this case and another currently pending in this district. The case was assigned to us and after a determination by Judge Rosenbaum that it is neither a companion nor related case under our local rules, a motion for consolidation was denied.

## I. Motion for Re–Transfer.

█ Plaintiff argues that Judge Rosenbaum's decision that the two cases are not related removed Judge LaPlata's rationale for the transfer and it should thus be heard in the plaintiff's chosen forum. Plaintiff also argues that re-transfer is appropriate because Judge Rosenbaum's determination constitutes a changed circumstance which justifies this court's reconsideration of Judge LaPlata's order.

However, as pointed out by defendant, an order to transfer becomes the law of the case which should be reconsidered by the transferee court only "under the most impelling and unusual circumstances." *In re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir.1983). See also *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168–69 (3d Cir.1982). Judge LaPlata's order was conditioned on a finding that both the interests of justice and judicial economy required transfer. As argued by defendant, the facts supporting this finding have not changed and the case must remain here.

Even if the cases are tried by two judges, the goal of judicial economy is served by keeping this case in Minnesota. Documents and court records which are relevant to both cases will be more easily located and quickly obtained if both cases are in one district. Retaining the current case in Minnesota would undoubtedly also be more efficient for the parties since there would be less travel between Michigan and Minnesota as the cases proceed. The interests of the courts and the parties in conducting this case economically favor retention of the case.

Venue in Minnesota is also proper under 28 U.S.C. § 1404. Under this section, a district court may transfer a case to another district "for the convenience of parties and witnesses, in the interest of justice." On balance, the convenience of the parties and witnesses favors venue in Minnesota. For example, the plaintiff unions represent only one person in the Eastern District of Michigan, making it an obviously inconvenient place for its witnesses. Defendant employs 1,014 persons in Minnesota as opposed to 264 persons in the entire Sixth Circuit. In addition, a significant number of defendant's management-level employees, who are more likely to be called as witnesses, reside in this district. Thus, for defendant, Minnesota is a convenient forum. The affidavit of Ronald Cuchna, submitted by defendant, demonstrates that venue in Minnesota better serves the interests of justice than Michigan, since it is a more convenient forum.

## II. Motion for Summary Judgment.

█ Defendant argues in support of its motion for summary judgment that the case of *BMWE v. Burlington Northern R.R.*, 802 F.2d 1016 (8th Cir.1986), controls and entitles it to judgment. The motion must be denied as premature due to defendant's refusal to participate in discovery in this case.

Plaintiffs argue that a grant of summary judgment is proper only after the opposing party has been given an opportunity to conduct discovery, citing *First Chicago Int'l. v. United Exchange Co., Ltd.*, 836 F.2d 1375 (D.C.Cir.1988) and *Glen Eden Hospital, Inc. v. Blue Cross & Blue Shield*, 740 F.2d 423 (6th Cir.1984). In both these cases the district court was found to have acted in error when summary judgment motions were granted where the opposing parties objected that they had insufficient opportunity to conduct discovery. Plaintiff also cites *Cowan v. J.C. Penney Co., Inc.*, 790 F.2d 1529 (11th Cir. 1986) in which the circuit court found a grant of summary judgment especially inappropriate where the moving party refused to respond to outstanding discovery requests.

In this case, plaintiffs served defendant with interrogatories, requests for production and admissions in March. Defendant's only response has been to file an objection to these discovery requests. A motion for discovery sanctions is currently pending before Magistrate Symchych and will be heard two days after our hearing on this motion.

While the *Burlington* decision may ultimately determine the outcome of this case, it would be unfair to grant a motion for summary judgment before plaintiffs have had the opportunity to collect any facts which may allow them to distinguish this case from *Burlington*. *Burlington* was not decided as a matter of law but rather hinged on the particular facts relating to the past practices of the railroad. *Burlington*, 802 F.2d at 1022. Defendant alleges that *Burlington* should apply because the facts of this case are similar, but plaintiffs have not been given the opportunity through discovery to refute this assertion. Thus entry of summary judgment would be premature in this case.