11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DURABLE METAL PRODUCTS, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5090.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1993.
 
 Before ARCHER, MICHEL and CLEVENGER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Plaintiff-Appellant, Durable Metal Products, Inc. ("Durable"), appeals from the January 26, 1993, decision of the United States Court of Federal Claims, No. 687-89C, in this bid protest case granting the government's motion to dismiss Durable's claims for equitable relief pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RUSCFC), and granting the government's motion for summary judgment with respect to the remaining claims. Finding no error in the Court of Federal Claims's decision, we affirm.
 
 DISCUSSION
 
 2
 In September 1989, the United States Army Tank Automotive Command ("TACOM") issued a request for bids, Request for Quotation No. DAAE07-89-Q-Y282 (hereinafter "Y282"). Although Durable's bid was the lowest submitted, the government informed Durable that it was not eligible for the award because Durable had been found nonresponsible.
 
 
 3
 In December 1989, Durable received another solicitation from TACOM, Request for Quotation No. DAAE07-89-B-L374 (hereinafter "L374"). Fearing that it would be found nonresponsible for award under this solicitation, Durable initiated a suit in the United States Claims Court[1] for injunctive and other relief. In its complaint, Durable sought to enjoin the government from making any awards under solicitations Y282 or L374 until a new determination of Durable's responsibility had been made. The trial court granted Durable's request for injunctive relief, and, in so doing, enjoined the government from making any award under these two solicitations. Thereafter, the government agreed to conduct a new pre-award survey to determine Durable's responsibility or lack thereof. As a result of the new survey, Durable was found to be responsible to perform a contract awarded under solicitation L374, but not to perform one awarded under solicitation Y282.
 
 
 4
 Durable contends that both the first and second findings of nonresponsibility with respect to solicitation Y282 were arbitrary and lacking in rational basis. Durable argues that if it had been allowed to proceed with discovery, it could have produced government documents illustrating the arbitrariness and lack of rational basis in the government's findings. Instead, in an order dated August 21, 1991, the Court of Federal Claims stayed all discovery. Durable now argues that the Court of Federal Claims erred in granting the government's motion for summary judgment on the ground that Durable failed to establish an evidentiary basis for its contentions.
 
 
 5
 In reviewing a grant of summary judgment, we are not bound by Court of Federal Claims's rulings. We must independently determine whether the standards for summary judgment have been met. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed.Cir.1987). "Summary judgment is properly granted only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Id.; RUSCFC 56.
 
 
 6
 Here, the underlying material facts are undisputed. In its Statement of Genuine Issues, Durable agreed with all except two of the government's Proposed Findings of Uncontested Facts. Durable disagreed with the fact that solicitation Y282 was cancelled "in the best interest of the [g]overnment," and that solicitation Y282 was cancelled because "the supplies being contracted for are no longer required." In support of its Proposed Findings, which are relevant to the inquiry of whether the government acted arbitrarily or capriciously in cancelling the solicitation, the government submitted the affidavit of Judith A. Ward, the Procuring Contracting Officer and Chief of the Trailer Support Section of the United States Army Tank Automotive Command, which issued the request for quotation.
 
 
 7
 Durable, on the other hand, provided no evidence whatsoever to contradict the Court of Federal Claims's findings. Durable's mere allegations that the rulings of the Court of Federal Claims are incorrect, along with its unsubstantiated assertions that discovery would have provided it with necessary evidence to establish the impropriety of the government's nonresponsibility determinations are insufficient to raise a genuine issue for trial. See, e.g., Campbell v. United States, 2 Cl.Ct. 247, 249 (1983) (an officer in the United States Army Reserve brought a suit claiming pay and allowances for two periods of active duty, and the Court of Federal Claims granted the government's motion for summary judgment on the grounds that the government produced evidence that plaintiff's active duty orders were terminated early, whereas plaintiff presented no evidence to the contrary, and that plaintiff's assertions of entitlement to payment were nothing more than "legal conclusions[,] * * * insufficient to cast doubt on defendant's evidence"). Furthermore, the Court of Federal Claims need not deny summary judgment merely to satisfy Durable's "speculative hope" of finding some evidence that might tend to support its claim of improper conduct on the part of government officials. Pure Gold, Inc. v. Syntex (U.S.A.), Inc., 739 F.2d 624, 627 (Fed.Cir.1984).
 
 
 8
 Unlike appellants in Cowan v. J.C. Penney Co., 790 F.2d 1529, 1531 (11th Cir.1986), who won a court order compelling appellees to answer certain interrogatories, in Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 869-70 (11th Cir.1988), who filed a motion to compel production of certain documents, and in THI-Hawaii, Inc. v. First Commerce Financial Corp., 627 F.2d 991, 994 (9th Cir.1980), who were required to apply under Federal Rule of Civil Procedure 56(f) for a continuance of the proceedings pending completion of discovery, Durable failed to move for a court order compelling production of the requested documents, to file a Rule 56(f) motion or even to mention in its brief in opposition to the government's motion for summary judgment the government's uncooperativeness in producing the requested documents. In so doing, Durable waived any arguments it may have had with respect to obtaining those documents before a ruling on summary judgment.
 
 
 9
 Even if Durable did not waive its arguments, however, Durable still failed to raise a genuine issue of material fact because it did not offer any evidence to establish that the documents would be helpful to its case. The Small Business Administration (SBA) documents concerning the SBA's refusal to issue a certificate of competency are no doubt highly relevant to the issue of the government's basis for its finding on Durable's responsibility. In order to survive summary judgment, however, Durable must demonstrate that the contents of these documents not produced by the government would be helpful to Durable's case. Because Durable failed to do so, we affirm the Court of Federal Claims's grant of summary judgment.
 
 
 10
 Durable also contends that the Court of Federal Claims erred in refusing to allow Durable to apply for attorney fees and costs. In order to recover attorney fees and costs, Durable must establish that it is a prevailing party, and allege that the position of the government was not substantially justified. 28 U.S.C. Sec. 2412 (1988). In the present case, the Court of Federal Claims found that Durable withdrew its bid to solicitation L374 prior to an award of a contract, and that the government properly cancelled solicitation Y282 before making an award. Because Durable therefore cannot in any event establish itself as a prevailing party, the Court of Federal Claims's denial of Durable's request to apply for attorney fees and costs was proper.
 
 
 11
 Finally, Durable asserts that the Court of Federal Claims erred in ruling that Durable's claims for injunctive and declaratory relief became moot when solicitations Y282 and L374 were cancelled. We disagree.
 
 
 12
 As noted above, Durable withdrew its bid for solicitation L374 prior to an award of a contract. In Federal Data Corp. v. United States, 911 F.2d 699 (Fed.Cir.1990), we held that an unsuccessful bidder who withdrew from the procurement was not an "interested party," had no standing, and therefore was not entitled to relief. Id. at 704. Like the unsuccessful bidder in Federal Data, Durable no longer qualified as an "interested party" after withdrawing its bid. Accordingly, the Court of Federal Claims properly concluded that Durable's claims for declaratory relief became moot.
 
 
 13
 Similarly, Durable's request for a permanent injunction was also rendered moot because solicitation Y282 had been properly cancelled by the government prior to a ruling on the request. In addition, Durable's request for a preliminary injunction as to solicitation Y282 became moot because this request had previously been granted. Durable neither challenges the propriety of the government's cancellation action, nor disputes that it previously received preliminary injunctive relief. Since Durable's claims became moot, Durable lacked standing, and it was, therefore, permissible for the Court of Federal Claims to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Accordingly, we affirm the Court of Federal Claims's rulings on these issues.
 
 
 14
 We have considered petitioner's other arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the Court of Federal Claims in all respects.
 
 
 
 [1]
 Effective October 29, 1992, the United States Claims Court became the "United States Court of Federal Claims" pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102-572, 106 Stat. 4506 (1992). For simplicity, we refer to it throughout by its new name