[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 04-12261

_____

D. C. Docket No. 1-00981-CV-SH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

VITECH AMERICA, INC.,
MICROTEC SISTEMAS, IND. E. COM. S.A.,
WILLIAM C. ST. LAURENT,
GEORGE C. ST. LAURENT, III,

Plaintiffs-Appellants,

versus

GATEWAY, INC.,
GATEWAY COMPANIES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 31, 2005)

Before BARKETT and MARCUS, Circuit Judges, and GEORGE*, District Judge.

PER CURIAM:

_____

*Honorable Lloyd D. George, United States District Judge for the District of Nevada,
sitting by designation.

Vitech America, Inc., Microtec Sistemas, Ind. E. Com, S.A., William C. St. Laurent, and Georges C. St. Laurent, III (collectively, the "Plaintiffs") appeal from orders of the United States District Court for the Southern District of Florida, granting final summary judgment against the Plaintiffs on a variety of tort and contract claims against Gateway, Inc. and Gateway Companies, Inc. (collectively, the "Defendants"), and denying the Plaintiffs' motion to reconsider and vacate the summary judgment order. The dispute arose from a series of agreements and other commercial dealings under which the Defendants were to provide Vitech with financing and trademark licenses. After thorough review, we can discern no error in the order granting summary judgment and accordingly affirm.

On appeal, the Plaintiffs first argue that the district court erred in granting summary judgment before the Plaintiffs had conducted discovery in the case.

We review a district court's decision to rule on a summary judgment motion prior to the close of discovery for abuse of discretion. See, e.g., Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1219 (11th Cir. 2000). Moreover, the party opposing summary judgment is responsible for informing the court of any outstanding discovery. Cowan v. J.C. Penney Co., 790 F.2d 1529, 1530 (11th Cir. 1986) (per curiam). Indeed, Fed. R. Civ. P. 56(f) was designed and crafted with precisely that

purpose in mind.[**]  "The party seeking to use [R]ule 56(f) may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."  Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843-44  (11th Cir. 1989) (internal citation and quotation marks omitted).  Pursuant to Rule 56(f), a party opposing summary judgment must provide the court with an affidavit justifying the need for additional discovery.

The Plaintiffs in this case failed to provide any such notice of outstanding discovery to the district court, failed to make any motion under Rule 56(f), and indeed did not undertake any significant discovery effort at all in the three years after they filed their initial complaint.  On this record, we have no difficulty in concluding that the district court did not abuse its discretion in granting summary judgment prior to the completion of additional discovery.

The Plaintiffs next argue that the district court erred in finding no genuine

_____

[**] Rule 56(f) provides that

> [s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

dispute as to whether the Defendants tortiously misled the Plaintiffs by promising to consent to a loan agreement between Vitech and the General Motors Acceptance Corporation ("GMAC"). Such consent was necessary because the terms of an outstanding loan agreement between Vitech and the Gateway Companies plainly provided that the Gateway Companies had the right to approve or reject Vitech's entry into any further loan agreements with third parties. Again, we are not persuaded.

As the district court explained, the Plaintiffs did not allege (much less provide evidence to demonstrate) that the Defendants ever agreed to accept "unconditionally" the proposed GMAC loan, or more specifically that the Defendants indicated that they would be willing to consent to an extension of the term of the outstanding Gateway-Vitech loan. In fact, the Plaintiffs concede that they did not provide a copy of the actual GMAC loan agreement itself at the time of the Defendants' alleged "promise" to approve the loan. Indeed, it would have been wholly unreasonable for the Plaintiffs to expect that the Defendants would agree in advance to any such external loan arrangement, no matter what the specific terms. In short, the district court correctly held that there was no genuine dispute as to the GMAC loan claim.

Finally, the Plaintiffs contend that the district court erred in denying their

motion to reconsider and vacate the court's initial order.*** Once again, we remain unpersuaded.

The Plaintiffs' basic claim is that the Defendants misrepresented their possession (or lack thereof) of the legal right to license the Gateway trademarks to the Plaintiffs in Brazil. In their complaint and at the initial summary judgment and reconsideration phases, the Plaintiffs argued that the Defendants falsely represented that they had such rights, when in fact they did not. The district court agreed with the Defendants. At a reconsideration hearing, witnesses for the Defendants testified that under Brazilian law, the Defendants possessed such rights. The Plaintiffs then moved to amend their complaint to allege that the Defendants had falsely represented that they did <u>not</u> have the licensing rights, when they in fact <u>did</u> have such rights.

The Plaintiffs' argument fails for several reasons. First, the Plaintiffs raised this new argument for the first time in their motion to amend their complaint, filed during the reconsideration proceedings. "We have held that a district court has great discretion when deciding whether to grant a motion for leave to amend a complaint following the filing of responsive pleadings. Further, we have held that we will reverse a district court for exercising its discretion in this regard only if the abuse of

---

*** Since the denial of a motion to reconsider is a final appealable order, separate from the order granting summary judgment, <u>see, e.g.</u>, <u>Gulf Coast Fans, Inc. v. Midwest Elecs. Imps. Inc.</u>, 740 F.2d 1499, 1507 (11th Cir. 1984), we have appellate jurisdiction over this issue.

5

discretion is clear." Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1314-15 (11th Cir. 2002) (citing Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1574 (11th Cir. 1985)). Moreover, we have held that a district court did not err in denying a plaintiff's request to amend her complaint when the district court had already ruled on summary judgment and facts on which the plaintiff's new claims were based had been in her possession for a long time. See Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 622-23 (11th Cir. 1983).

Second, the Plaintiffs either knew or should have known that the Defendants had the licensing rights well before reconsideration. The Defendants had argued from the beginning that they had such rights under Brazilian law, since they had filed for registration of the Gateway trademarks and since the marks were "well known" and thus enforceable under applicable trademark law. In fact, early in the litigation, which lasted some three years, the Defendants filed a declaration from Brazilian law expert Peter Eduardo Siemsen attesting to their rights to the marks, and then repeatedly cited to Siemsen's opinion in their pleadings. The district court's summary judgment order itself was based in part on Siemsen's declaration. Summary Judgment Order at 5, n.1. Furthermore, as the Defendants also point out, the parties entered into a "letter agreement," which gave the Plaintiffs a temporary, royalty-free license to use the Gateway marks, and which was predicated on the Defendants' right

6

to those marks and right to license the marks. Thus, the Plaintiffs' suggestion that Siemsen's testimony at the reconsideration hearing "surprised" them - - by revealing for the first time that the Defendants in fact did have the rights to the Gateway marks - - is simply unconvincing.

In sum, the Plaintiffs have failed to identify any error in the district court's orders granting summary judgment and denying reconsideration; we therefore affirm.


**AFFIRMED.**